Case 2:23-cv-00244-JMS-MJD   Document 1   Filed 05/19/23   Page 1 of 12 PageID #: 1

FILED
05/19/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY
SEEKING REVIEW OF PRISON DISCIPLINARY SANCTIONS

| United States District Court | District | Southern District of Indiana |
|---|---|---|
| Name: Aaron Michael Fellows | Prisoner No. 212848 | Case No. IYC-22-02-0137 |

Place of Confinement: WVCF

2:23-cv-244-JMS-MJD

Name of Petitioner (include name under which convicted): Aaron Fellows

v.

Name of Respondent (authorized person having custody of petitioner): Frank Vanibel

The Attorney General of the State of Indiana

## PETITION

1. Name and location of Prison Disciplinary Body, which determined guilt: DHB officer Foster

2. Date of Guilt determination: 3/24/22

3. Sanctions imposed: 45 Day Comm 180 Day RSH 11/17/22 - 5/6/23

4. Nature of rule infractions involved (all counts): 121 A Poss. of cellucar Device

5. What was your plea? (Check one)
   (a) Not guilty ☑
   (b) Guilty ☐

6. If you pleaded not guilty, what kind of disciplinary hearing did you have? (Check one)
   (a) Screening Officer Hearing ☐
   (b) Full Hearing ☑

7. Did you testify at your disciplinary hearing?
   Yes ☑   No ☐

8. Did you appeal from the guilty determination and imposition of sanction(s)?
   Yes ☑   No ☐

T5

9. If you did appeal, answer the following:

   (a) Name and title of Reviewing Authority: Kieth hartzell

   (b) Result: Denied

   (c) Date of result: 3/18/22

   (d) Grounds raised: 1) DHO was biased and not an fair or impartial decision maker; 2) There was insufficient evidence to support the charge; 3) Fellows was denied Evidence including video's and the right to call witnesses; and 4) Fellows was denied to a written statement by fact finder of evidence relied on.

   (e) If you sought further review of the decision on appeal by a higher Reviewing Authority, please answer the following:

   (1) Name and title of Higher Reviewing Authority: Matthew Brown

   (2) Result: Denied

   (3) Date of result: 5/23/22

   (4) Grounds raised: 1) The DHO was biased and not a fair an impartial decision maker; 2) The was insufficient evidence to support the charge; 3) Fellows was denied Evidence including videos and the right to call witnesses; and 4) Fellows was denied to a written statement by factfinder of evidence relied upon.

10. Have you previously filed any petitions, applications, or motions with respect to this Disciplinary Finding in any court, state or federal?
    Yes ☑    No

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court: Indiana Southeren District Court
        (2) Nature of proceeding: Denied because of failure to pay 5.00 filling fee
        (3) Grounds raised: Same as above

12  State *concisely* every ground on which you claim that you were unconstitutionally deprived of credit time or subjected to unconstitutional disciplinary punishment. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    <u>CAUTION: In order to proceed in federal court, you must first exhaust all available administrative appellate remedies as to each ground on which you request relief from federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date. It is suggested that you read *Marham v Clark*, 978 F.2d 1057 (7th Cir. 1990) prior to filing this petition.</u>

(A) GROUND ONE: _See Attached Papers_

SUPPORTING FACTS (state *briefly* without citing cases or law) _____

(B) GROUNT TWO: _____

SUPPORTING FACTS (state *briefly* without citing cases or law) _____

_See Attached_

(C) GROUNT THREE: _____ _Papers_

SUPPORTING FACTS (state *briefly* without citing cases or law) _____

AO 241      (Rev.5/85)

13.  If any of the grounds listed in 12A, B. C, and D were not previously presented in your administrative appeal, state briefly what grounds were not presented and give your reasons for not presenting them at the administrative level:

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court or administrative agency, either state or federal, as to the judgment under attack?

Yes ☐     No ☒

15.  Give the name, Title, and/or D.O.C. Numbers, if known, of each offender, of any staff or lay advocates, who represented you in the following stages of the disciplinary proceedings in the following stages of the judgment attacked herein:

(a) At Disciplinary hearing: _N/A_

(b) At Institutional Level Appeal: _N/A_

(c) At I.D.O.C. Level Appeal: _N/A_

WHEREFORE, Petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Petitioner

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_05/07/23_
    DATE

_____
Signature of Petitioner

## Analysis

### I.

DHO was biased and was not an impartial decision maker.

Fellows was entitled to an impartial Decision Maker and a fair hearing, one whose mind isn't already made up and capable of offering a fair hearing. Foster had previously heard 3 other Disciplinary Hearings of Fellows, all which he found guilty and gave seg.time to. The Statements made by Foster by lying to Fellows saying that there was no video footage of the Incident, and that the facility had installed new video security and all old video footage had been erased. Fellows asked Deputy Warden Kieth Hartzell if the video footage inside the facility had been erased and whether the whole facilities security systems where being updated which caused the issue, Hartzell stated that it was false, and video footage was still present. DHO Foster Stated and Created a Exhibit showing where the video footage had been erased. See exhibit C-2 at 2 of Respondents But on 02/06/2022 at 10:39pm Iyc 22-02-0067 Same day, range, and incident Fellows was wrote up on a B-235 and on 02-21-2022 Fellows had a hearing and Fellows argued that he did not flee and that he went to wash his hands. Foster told Fellows that he watched video footage of this Incident, which is the same Day and time and Incident of this situation which would of proved and supported Fellows defense proving that Officer Salam's statement that he followed Fellows into the Cell an watched him toss a Black Cell phone. Fellows Requests Courts to Summon the Video Footage on this Date and same time and Incident to support his claims.

3

Fellows brought this up at the hearing and Foster still found Fellows guilty saying he wanted him to sit in Seg. and think about the things he does and the people he hangs with. This prejudiced Fellows to a fair hearing. Edwards v. Balisok, 520 U.S. 641, 647, 117 S. Ct. 1584 (1997)(holding decision of a "biased hearing officer who dishonestly supresses evidence of innocence" cannot stand); also citing, (stating due process requirements "are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence).

## II.

"Insufficient evidence to support the charge Deined Due Process"

Due process forbids officals to convict prisoners of disciplinary offenses unless there is "some evidence" to support the charges. Superintendent v. Hill, 472 U.S. 445, 457, 105 S Ct. 2768 (1985). In this case, there was no evidence to support the charge of Possession of Cellular Device. The only evidence at the hearing was the written Reports of the officer and testimony of Fellows. The statement of the officer Salami should be excluded due to the video footage of him allegedly toss a cellular device under the toilet. The video footage would of been in conflict with the testimony of Salami and the conduct Report. The footage would of should Fellows leaving the cell and Salami walking in after Fellows left. Salami used this statement to make the case stick. Fellows requests courts to view the video footage of the same day incident of the fleeing that took place in the same act. The inmate who cell it was was a witness to Fellows Defense. DHB Denied Fellows to use the inmate saying that he moved units and couldn't find him. Knowing that his statement would of concured with Fellows testimony. Nor was there any such evidence in Fellows

4

Testimony; Fellows specifically denied possessing a cellular device, and whether he tossed a cellphone under a sink. Respondents suggests that their case is "Some Evidence" there was never a phone on my person. Officer Salami claimed that he saw Fellows with a cellular device, but the only thing Fellows questions is that how come the DHO wanted to lie about the camera footage when Deputy Warden Hartzell explained to Fellows that the facilities security has not been erased and replaced. The most important evidence on this case is the credibility of the officer who is on video which could of determined credibility on Fellows behalf to concurr when he states officer was hitting pipe rounds. I left the cell and he later came in there.

## III.

A) DHO Denied Fellows right to present evidence, videos and witnesses. Fellows had every right to request for video footage for evidence importantly because a credibility contest is at stake here. DHO Foster made up false video summaries and told Fellows that the evidence on video was erased due to facility replacing the security camera footages. Fellows requested for a continuance to investigate. Fellows talks to deputy

5

Warden Kieth Hartzell to find out if the facilities security footage has been really erased. Mr. Hartzell denied the false statement made by Foster, and During the hearing of Fellows other conduct which all took place on the same day and incident DHB officer said to Fellows the he watched the video evidence on his fleeing Charge B-235 Fleeing on sec on 02-21-2022, I asked Foster to use that same video footage IYC-22-02-0067, which later was charge to Interfering with staff Duties, to determine my innocence to establish the credibility of the officer and Conduct Report. This prejudice Fellows to have a fair Hearing. This evidence was Not threating institutional safety or correctional goals. This was the only evidence to prove Fellows innocence and DHO knew this an made excuses as to why it's Not avaible. I would like Courts to summon video footage from this Date of my Conduct Report For my A-121 poss. of Cellular Device and B-235 Fleeing charge.

Brooks v. Coughlin, 182 A.D.2d 1115, 583 N.Y.S. 2d 91 (N.Y. App. Div. 1991) (Holding hearing officer's refusal to look at a videotape of the incident invovled denied due process.); See also Harper v. Lee, 938 F.2d 104, 105-06 (8th Cir. 1991) Spellman-Bey v. Lynaugh, 778 F. Supp. 338, 344 (E.D. Tex. 1991) (holding absent threat to safety or correctional goals, officals must produce documents that might show that the prisoner could not have committed the offense); Piggie v. Cotton, 344 F.3d 674, 678 (7th Cir. 2003) (holding "an inmate

6

is entitled to disclosure of material, exculpatory evidence in prison disciplinary hearing unless such disclosure would unduly threaten institutional Concerns"); Videotapes is a type of document, and Courts have held that disciplinary bodies must review relevant videotapes. At Iyc staff will tell you that the video footage is not avaible if it's possible to support a defense in the hearing. Iyc is doing this on a regular to find inmates guilty. In Fellows case DHo Foster explained to Fellows in his Fleeing B-235 charge that he viewed the video footage to see Fellows refuse several orders. Which is the same footage as Fellows 12rA, poss. of cellucr Device, same date and time. see Respondent Exhibits C-?
Fellows also questioned DHo Foster statement as to the video footage has been erased due to an update for video security, which Deputy Warden Kieth Hartzell Denied ever happend. Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 813-15 (7th Cir. 2007) (where plaintiff alleged that a video footage existed and would exculpate him, failure to review it denied Due Process);

B. Failure to Request Witness Denied Due Process

Abruska v. Dept. of Corrections, State of Alaska, 902 P.2d 319, 322 (Alaska 1995) holding hearing Committee erred in refusing to call inmate witnesses who would have impeached an officer's credibility). Respondents Exhibit 3 of screening Report, Fellows checked that he did wish to call witnesses to support his innocence. Fellows requested Salami the ofc. who allegly saw Fellows toss a cellphone. An Fellows requested to use the inmate who cell was where the cellphone

7

found to ask offender Yeager who threw a phone in his cell and did Fellows ever have a cell phone when he entered his cell? DHO Ms. Hunter asked what cell was he in, Fellows said he was in the same unit as him but they moved him now he don't know. Ms. Hunter said do you have his Doc# Fellows told her he didn't have that information. Ms. Hunter told Fellows that she couldn't find him or where he was located, Fellows told Ms. Hunter how vital Yeager's testimony will be to aid his defense she said there isn't a yeager in the facility, and Fellows was denied his only vital witness. Yeager did move the morning Fellows went to segregation however, DHB purposely denied this request to prejudice Fellows hearing. Respondents Exhibit B-3 is a false Declaration saying that Fellows changed his mind when Yeager was to aid Fellows defense. Ms. Hunter told me to sign that I wanted officer Salami statement and that she couldn't find Yeager in her Database. DHB at Iyc are very clever at manipulating the screening and hearing process on multiple occasions. Witnesses are often the only means for an inmate to attempt to prove his version of events, the opportunity for the Committee to evaluate the credibility and demeanor of the inmate's defense witnesses should not be discounted. Young v. State 584 So. 2d 533 (Ala. Cr. App. 1991) Holding refusal to call eye witne

8

to incident denied due process); Blanket policies of denying witness, or types of witnesses have generally been held unconstitutional. Prisoners have the right to call witnesses when it's not "unduly hazardous to institutional safety or correctional goals." Wolff V. McDonnell, 418 U.S at 566. Witness may be denied for such reasons such as "irrelevance, lack of necessity, or the hazards presented in individual cases. This witness was not irrelevant or unnecessary. Offender Yeager was in a position to see and hear all or part of the incident since it took place in his cell. Had Yeager been called, he may had testified that Fellows had No cellphone when he entered his cell or if Fellows tossed a cellphone under the sink. Courts have repeatedly held that the refusal to call witness with personal knowledge of the Incident in question denied due Process. This is especially so when a prisoner faces a credibility problems trying disprove the charges of a prison guard." Ramer v. Kerby, 936 F.2d 1102, 1104 (10th cir. 1991), and when the hearing officer refuses to hear any witness corroborating the accused inmate, Graham v. Baughman, 772 F.2d 441, 445 (8th cir. 1985); Green v. Nelson, 442 F.Supp. 1047, 1057 (D. Conn. 1977), both of which apply to this case.

IV.

The failure to provide a meaningful explanation of the finding of Guilt. Prisoners who are found guilty of disciplinary

charges are entitled to a "written statement by factfinders as to evidence relied on and the reasons' for the disciplinary action." Wolff v. McDonell, 418 U.S. at 565 (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593 (1972)). Several courts have held that the pratice of simply adopting the report of staff members with no futher explanation denies due process. Scruggs v. Jordan, 485 F.3d 934, 941 (7th Cir. 2 (quoting Chavis v. Rowe, 643 F.2d 1281, 1287 (7th Cir. 1981) (Without detailed statement of the finding of guilt was based on substantial evidence or whether it was arbitrary so as to b a denial of the inmate's due process rights.") See also King v. Wells, 760 F.2d 89, 93 (6th Cir. 1985); Dyson v. Kock, 689 F.2d 467 (3d Cir. 1982). Prison officals must provide some degree of explanation for the conclusions they reach. Whitford v. Bosling 63 F.3d 527, 536-37 (7th Cir. 1995); Stone-Bey v. swihart, 898 Supp. 1287 1299-1300 (N.D Ind 1995) Here DHO Foster provided no explanation whatever for believing the written reports of officers over the personal testimony of Fellows. Several have said that the written statement must be reasonably specifi and may not simply adopt the officer's report by stating, for exa "Inmate is guilty of misconduct as written. Another held that statement of reasons should point out facts, mention evidence, or explain credibility judgements. In this case DHO Foster failed to establish a written Statement, and Fellows requests the courts respectfully to Grant this petition and deny Respondents

10